# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **LUTHER C. PARENTE** and **ERIC L. STEWART**,<br>          Plaintiffs<br>v.<br>**ASHBEL T. WALL**, alias, individually and in his official capacity as director of the Rhode Island Department of Corrections, et. al.,<br>          Defendants | C.A. No. 16-CV-00055-M-PAS |

### PLAINTIFF LUTHER C. PARENTE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE THE OBJECTIONS OF AND COMPEL RESPONSES FROM DEFENDANT KETTLE, DEFENDANT LEFEBVRE, AND DEFENDANT STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR THE IMPOSITION OF COSTS AND ATTORNEYS' FEES

**I.     INTRODUCTION**

Now comes Plaintiff Luther C. Parente ("Plaintiff") pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, and does hereby submit this Memorandum of Law in Support of his Motion to Strike the Objections of and Compel Responses from Defendant Kettle, Defendant Lefebvre, and Defendant State of Rhode Island, Department of Corrections to Plaintiff's Requests for Production of Documents, and for the imposition of reasonable costs and attorneys' fees pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure and other applicable law. As grounds therefore and in support thereof, Plaintiff avers as follows.

**II.    BACKGROUND AND SUMMARY**

1.  Plaintiff's First Request for Production of Documents from Defendant Kettle was delivered to Defendant Kettle on March 13, 2017.

2.  Plaintiff's First Request for Production of Documents from Defendant Lefebvre was delivered to Defendant Lefebvre on March 13, 2017.

3.  Defendant Kettle's responses to the First Request for Production of Documents from the Plaintiff were delivered to the Plaintiff on May 4, 2017.

4.  Defendant Lefebvre's responses to the First Request for Production of Documents from the Plaintiff were delivered to the Plaintiff on May 4, 2017.

5.  Plaintiff's Second Request for Production of Documents from Defendant State of Rhode Island, Department of Corrections (hereinafter "DOC" unless otherwise indicated), was delivered to the DOC on May 24, 2017.

6.  The DOC's responses to the Second Request for Production of Documents from the Plaintiff were delivered to the Plaintiff on June 22, 2017.

7.  Plaintiff attempted to resolve the issues concerning the Defendants' responses and objections to Plaintiff's Requests for Productions, and pursuant to such, delivered Rule 37 letters to the Defendants on August 16, 2017.

8.  Defendants responded to Plaintiff's Rule 37 letters on September 1, 2017, reiterating their objections and refusing to provide documentation for the below requests of production of documents.

### III. STANDARD OF REVIEW

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The Federal Rules envision a broad scope of discovery that encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *see also*

*DeAngelo v. Yellowbook Inc.*, No. 3:12-CV-520 GWC, 2015 WL 588627, at *2 (D. Conn. Feb. 10, 2015) (citing *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106, 114 (2d Cir.1992)).  Accordingly, "[d]iscovery requests should be considered relevant if there is *any possibility* that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have *no possible bearing* on the subject matter of the action." *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810248, at *1 (D. Kan. Sept. 22, 1994)(emphasis added).  "The party resisting the discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or is of such *marginal* relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* at *2.  Nevertheless, "the fact that a substantial burden may be placed upon a producing party is not grounds for precluding discovery. The court must weigh the alleged burden against the possibility of the discovery of admissible evidence. The balance weights in favor of discovery." *Id.* at *21.  Relative to privilege, "[t]he burden is on the party asserting a privilege to do so in a timely and proper manner and to establish the existence and applicability of the privilege." *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).  Relative to objections in general, it is axiomatic that <u>all objections not raised within the discovery response timeframe  are considered waived.</u> *Id.* (court upheld ruling that all objections, including those of privilege, were waived by party's failure to object to discovery requests within the 30 day period laid out by the FRCP).

Moreover, "[general] objections based on the ground that the request is 'vague, overly broad and unduly burdensome' are without merit… [and do] not comply with Rule 34(b) of the Federal Rules of Civil Procedure." *Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 146–47 (D.P.R. 2010)(holding that defendant's document request objections

were waived due to a "failure to timely object or to provide specific reasons for its objection")(internal quotations omitted); *see also Bank of Mongolia v. M & P Global Fin. Servs., Inc.,* 258 F.R.D. 514, 519 (S.D.Fla.2009), *reconsideration denied,* 2009 WL 3294810 (S.D.Fla. Oct.13, 2009) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and fail to comply with ... Rule 34's requirement that objections contain a statement of reasons."). Indeed,

> "It is well settled that: [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden.... [T]he "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." ... "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " "

*Id*. (quoting *Aponte–Navedo v. Nalco Chem. Co.,* 268 F.R.D. 31, 36 (D.P.R. 2010).

Furthermore, a motion seeking the production of documents is "entitled to broad and liberal treatment," *Goldman v. Checker Taxi Co*., 325 F.2d 853, 855 (7th Cir. 1963), because "the discovery rules should be applied to provide disclosure of facts and issues to the fullest practicable extent." *United States v. Cont'l Can Co.*, 22 F.R.D. 235, 236 (S.D.N.Y. 1958); *see also Chan v. NYU Downtown Hosp.,* No. 03–CV–3003 (CBM), 2004 WL 1886009, at *4 (S.D.N.Y. Aug. 23, 2004) ("the imposition of unnecessary discovery limitations is to be avoided") (internal citation omitted).

As for possible confidentiality or safety concerns arising from such discovery requests, a protective order can address such privacy concerns. *See also Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) ("security and privilege concerns" regarding photographs of Department of Corrections employees or agents readily addressed by protective order); *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y. 2013)*; see also Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 168–69 (D.P.R. 2014)("Neither in their opposition to the second motion to compel nor in their sur-reply do defendants explain why such a protective

order would not cure their privacy and confidentiality concerns. The Court therefore finds that any privacy interests implicated by the disclosure of personnel files will be adequately safeguarded by a protective order."); *Glenn v. Williams,* 209 F.R.D. 279, 282 (D.D.C.2002)(finding that the protective order to which the parties agreed for the release of 25 personnel files made "any remaining privacy concerns negligible"); *Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D.Pa.1994)(ordering discovery, subject to a protective order, of personnel file of employee who replaced plaintiff after he was demoted).

### IV. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT KETTLE

**REQUEST NO. 8:**

**All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.**

**RESPONSE NO. 8:**

**Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:**

First, regarding the objection of overly broad, the request only asks for documentation concerning litigation involving Defendant Kettle in which it was alleged that he was negligent in connection with his employment with the Department of Corrections. The request does not ask for documentation related to any and all litigation concerning Defendant Kettle. As such, it is clear that the request is not overly broad on its face. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 667–68 (D. Kan. 2004) (while "a request or interrogatory may be overly broad or unduly burdensome on its face if it uses an omnibus term as 'relating to' or 'concerning.' That rule, however, applies only when the omnibus term is used 'with respect to a general category or group of documents,'" but when "the omnibus phrase modifies a specific type of document or

specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face").

Second, regarding the objection of overly burdensome, "[d]ocuments should be produced under F.R.Civ.P. Rule 34, 28 U.S.C.A. if they are necessary to enable a party to prepare his case, or facilitate proof at the trial or progress of the trial even though there will be an inconvenience or a burden to the party producing them." *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 207 F. Supp. 407, 409 (M.D. Pa. 1962); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 10 (D.D.C. 2007) (citing *Athridge v. Aetna Casualty & Surety Co., 184 F.R.D. 181, 191 (D.D.C.1998)*) ("However, the Court only entertains an unduly burdensome objection when the responding party demonstrates how the document is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden'"). Here, no basis has been provided as to how the Plaintiff's request is overly burdensome. *See Tequila Centinela*, 242 F.R.D. at 10 (citing *Athridge*, 184 F.R.D. at 191). ("The responding party cannot just 'merely state' in a conclusory fashion' that the requests are burdensome").

Third, regarding the objection of relevance, "[d]iscovery requests should be considered relevant if there is *any possibility* that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have *no possible bearing* on the subject matter of the action." *Aramburu v. Boeing Co.*, 1994 WL 810248, at *1 (D. Kan. Sept. 22, 1994) (emphasis added). Here, the Plaintiff seeks information that could demonstrate a pattern of conduct or intent, which the requested documentation may contain. *See Gross v. Lunduski*, 304 F.R.D. 136, 149 (W.D.N.Y. 2014) ("to show a pattern involving such conduct or intent to violate the Plaintiff's constitutional right" under the Eight Amendment); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (plaintiff's

motion to compel seeking "all discipline and personnel complaints" against defendant officer and the defendant city "regardless of the subject matter and relevance to plaintiff's allegations" granted because: 1) plaintiff has alleged extensive and systemic failures by defendants; 2) officer's history with city "is an important element of plaintiff's case and such information is not available from other sources"; 3) the requested "documents would also help establish a pattern or practice of both [the officer and the city] in situations where professional conduct is called into question; 4) the requested "documents would bear upon [city's] notice of [officer's] previous alleged misconduct and/or responses to such alleged misconduct"; and, 5) "it is clear that, at a minimum, such documents are reasonably calculated to lead to the discovery of admissible evidence"); *see also Cox v. McClellan,* 174 F.R.D. 32, 34 (W.D.N.Y.1997) (citing *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y.1989)) ("In civil rights actions, courts have permitted *discovery* of prior similar complaints or incidents regardless of the outcome of those complaints"); *Gillig v. Bymart-Tintair, Inc*, 16 F.R.D. 393, 394 (S.D.N.Y. 1954) ("Defendant may be right that the documents" that are "relating to prior claims and suits of a similar nature" may "not be competent or relevant evidence in and of themselves, but they might contain statements of fact which would be the source of other material which would be admissible at the trial").

Fourth, as stated in FRCP 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." However, the objection provided by the Defendant does not state whether any materials are being withheld in part or in whole. Thus, the Plaintiff has no way to discern whether there are any materials are being withheld pursuant to the Defendant's objection.[1]

---

[1] Although given that Defendant Kettle stated during his deposition that there have been "several [lawsuits] in my position as administrator in the Department of Corrections" in which he was a named party, it seems likely that the

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

### REQUEST NO. 18:

**Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.**

### RESPONSE NO. 18:

**Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

### ARGUMENT:

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

However, in the interest of resolving this dispute expeditiously, the Plaintiff is willing to narrow his request to a list of the cases in which Defendant Kettle is a named party, along with the area of law and citations for the cases so that they can be further investigated if deemed relevant.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

### V.   PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT LEFEBVRE

### REQUEST NO. 8:

**All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.**

---

Defendant is in fact withholding materials pertinent to this request. **Defendant Kettle Deposition Excerpt**, 6:11-15, attached hereto as **Exhibit A**.

**RESPONSE NO. 8:**

**Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.[2]

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

**REQUEST NO. 18:**

**Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.**

**RESPONSE NO. 18:**

**Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

However, in the interest of resolving this dispute expeditiously, the Plaintiff is willing to narrow his request to a list of the cases in which Defendant Lefebvre is a named party, along with the area of law and citations for the cases so that they can be further investigated if deemed relevant.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

---

[2] Although given that Defendant Lefebvre stated during his deposition that he has been sued regarding his role as an employee of the Department of Corrections before, it seems likely that the Defendant is in fact withholding materials pertinent to this request. **Defendant Lefebvre Deposition Excerpt**, 9:1-8, attached hereto as **Exhibit B**.

VI. **PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS**

**REQUEST NO. 8:**

**Color photographs of all medical staff employed at the Intake Service Center, Medium Security, and Maximum Security facilities from January of 2015 until the present. The photographs must at least include the individual's entire upper body, head, and face so that he or she can be readily identified.**

**RESPONSE NO. 8:**

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence. Further, Objection, on grounds of institutional safety and security.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein. Additionally, regarding the objection of relevancy, the Plaintiff seeks information necessary for him to be able to identify the individuals who violated his constitutional rights and committed negligence and medical malpractice causing the harm suffered by Plaintiff which underlies his claims. **Luther Parente Deposition Excerpts**, 70:20-71:1-5, 179:2-10, attached hereto as **Exhibit C**; *see* **Eric Stewart Deposition Excerpts**, 92:23-93:1-3, 105:5-14, attached hereto as **Exhibit D**; *see also Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (court finds photographs of Department of Corrections employees or agents sought "due to the offending officials being able to be identified by face, and" because "only through such being released could the John Does in this action be identified" to be relevant). This would not be necessary if the Defendant enforced the requirement that its employees and agents to wear a clearly visible badge at all times. The apparent practice of employees and agents of the DOC failing to wear identification is a problem in and of itself. It would also be patently unjust to allow DOC and DOC employees and agents to avoid

accountability for serious violations of the law simply because the people they harm are unable to identify them by name.

As to the objection on the grounds of institutional safety and security, "[a] conclusory objection based on institutional security…is insufficient." *Rogers v. Giurbino*, 288 F.R.D. 469, 480 (S.D. Cal. 2012) ("A conclusory objection based on institutional security…is insufficient"). Further, any substantive concerns, if Defendant chooses to share any and this Court finds them persuasive, can be readily addressed by a protective order. *See also Sloan v. Murray*, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) ("security and privilege concerns" regarding photographs of Department of Corrections employees or agents readily addressed by protective order); *Candler v. Santa Rita Cty. Jail Watch Commander*, 2014 WL 2120310, at *2 (N.D. Cal. May 21, 2014) (quoting *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D.Cal. 1987)) (the "balancing test" for assessing whether information will be disclosed despite an alleged impact on institutional safety and security "is 'moderately pre-weighted in favor of disclosure' in civil rights cases").

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

### REQUEST NO. 10:

>Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications relating to this action that were not previously produced in discovery.

### RESPONSE NO. 10:

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

### ARGUMENT:

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

## REQUEST NO. 11:

**Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications referring to or mentioning either Plaintiff, by name or otherwise, that were not previously produced in discovery.**

## RESPONSE NO. 11:

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

## ARGUMENT:

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

## REQUEST NO. 15:

**Any and all facility specific medical policies for the Intake Service Center, Medium Security, and Maximum Security facilities existing at any time from January of 2015 until the present that were not previously produced in discovery.**

## RESPONSE NO. 15:

**None.**

## ARGUMENT:

At least two of the Defendants and a deponent have stated while being deposed that there are facility specific medical policies at the Department of Corrections' facilities. **Mr. Gordon Bouchard Deposition Excerpt**, 62:22-63:1-25, attached hereto as **Exhibit E**; **Defendant**

**Melnick Deposition Excerpt**, 91:11-23, attached hereto as **Exhibit F**; **Defendant Vohr Deposition Excerpt**, 24:15-26:1-16, attached hereto as **Exhibit G**.

**Accordingly, the Defendant should be compelled to produce the documentation applicable to this request.**

**REQUEST NO. 16:**

**Any and all documentation concerning any litigation involving the actions of any of the named Defendants in connection with the Defendant's employment with the Department of Corrections.**

**RESPONSE NO. 16:**

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence. Further Objection, in that no time frame is set forth in the request.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein. Additionally, as to the objection of a lack of timeframe, the request is self-limiting in that it only applies to when the named Defendants were employed at the Department of Corrections.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

**REQUEST NO. 24:**

> **Any and all documentation regarding any complaints submitted to a regulatory body, including but not limited to the Department of Health and the Department of Justice, against any of the named Defendants in connection with the Defendant's employment with the Department of Corrections that were not previously produced in discovery.**

**RESPONSE NO. 24:**

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

**REQUEST NO. 25:**

**Any and all documentation regarding any action by a regulatory body, including but not limited to the Department of Health and the Department of Justice, in which any of the named Defendants are a named party that were not previously produced in discovery.**

**RESPONSE NO. 25:**

**Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.**

**ARGUMENT:**

Plaintiff incorporates his argument regarding Defendant Kettle's Response No. 8 as if fully set forth herein.

**Accordingly, 1) the Defendant should be compelled to produce the documentation applicable to this request; and, 2) the Defendant's objections should be stricken.**

VII.   **CONCLUSION**

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully prays for the following relief:

1. That his Motion granted and that this Court order that:

    a. The Defendants be compelled to produce the documentation sought by the Plaintiff's Requests for Production of Documents; and,

    b. The Defendants' objections are stricken.

2. Under the circumstances, that the Defendants be ordered to pay the counsel fees and costs of bringing the within motion as a sanction for Defendant's willful and intentional refusal to comply with discovery requests; and,

3. Such other and further relief as this Court deems just and proper.

                                                Plaintiff,
by his Attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

**Date:  September 26, 2017**    **/s/ Richard A. Sinapi**_____
**Richard A. Sinapi, Esq. (#2297)**
Sinapi Law Associates, Ltd.
2374 Post Road, Suite 201,
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
Email:  ras@sinapilaw.com

**/s/ Anthony E. Sinapi,**_____
**Anthony E. Sinapi (BBO #: 694350)**
2374 Post Road, Suite 201,
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
Email:  aes@sinapilaw.com

## **CERTIFICATION**

Thomas A. Palombo, Bar No. 4212
TPalombo@riag.ri.gov
Adam J. Sholes, Bar. No. 7204
ajsholes@riag.ri.gov
Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2296/2219
Fax: (401) 222-3016

Alexandra C. Curran, Esquire [#6524]
Jeffrey G. Latham, Esquire [#6264]
321 South Main Street, Suite 402
Providence, RI 02903
401.421.7400
401.351.3239 [Fax]
acurran@tatelawri.com
jlatham@tatelawri.com

Mark P. Dolan, Esquire (#3280)
Ride Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800
(401) 421-7218 (fax)
mdolan@ricedolan.com

I hereby certify that on **September 26, 2017**, a true copy of the within was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System. Service on the counsel of record listed above has been effectuated by electronic means.

            **/s/ Anthony E. Sinapi**