# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LUTHER C. PARENTE and : | |
| ERIC L. STEWART : | |
| Plaintiffs, : | |
| v. : | C.A. No. 16-055-M |
| : | |
| ASHBEL T. WALL, alias, individually and in his: | |
| official capacity as director of the Rhode Island : | |
| Department of Corrections, et al. : | |
| Defendants. : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF, LUTHER C. PARENTE'S, MOTION TO STRIKE THE OBJECTIONS OF AND COMPEL RESPONSES FROM DEFENDANT KETTLE, DEFENDANT LEFEBVRE, AND DEFENDANT, DEPARTMENT OF CORRECTIONS, TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR THE IMPOSITION OF COSTS AND ATTORNEYS' FEES**

Now come Defendants, State of Rhode Island, Department of Corrections (the "DOC"), Ashbel T. Wall, individually and in his official capacity as Director of the Rhode Island Department of Corrections, Nelson Lefebvre, individually and in his official capacity as Warden of the Intake Service Center, Matthew Kettle, individually and in his official capacity as Warden of the Maximum Security Facility, Michelle Garriepy, Jennifer Mageau and Nancy Ruotolo Hull, individually and in their official capacities as registered nurses for the Rhode Island Department of Corrections ("Defendants"), and hereby Object to the Plaintiffs' Motion as set forth in the above caption. In support hereof, the Defendants respectfully submit the accompanying, supporting Memorandum of Law.

WHEREFORE, the Defendants respectfully request that Plaintiff's Motion be denied.

Respectfully submitted,

DEFENDANTS,

State of Rhode Island, Department of Corrections, Ashbel T. Wall, Nelson Lefebvre, Matthew Kettle, Michelle Garriepy, Jennifer Mageau and Nancy Ruotolo Hull

By Their Attorneys,

PETER F. KILMARTIN
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

Thomas A. Palombo, Bar No. 4212
Adam J. Sholes, Bar. No. 7204
Assistant Attorneys General
150 S. Main Street, Providence, RI 02903
Tel: (401) 274-4400, Extension 2296/2219
Fax: (401) 222-3016

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 10th day of October, 2017.

| Richard A. Sinapi, Esq. | Anthony E. Sinapi, Esq. |
| ras@sinapilaw.com | aes@sinapilaw.com |
| | |
| Jeffrey G. Latham, Esq. | Mark P. Dolan, ESq. |
| jlatham@tatelawri.com | mdolan@ricedolan.com |

*/s/ Pamela L. Lopes*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| LUTHER C. PARENTE and : | |
| ERIC L. STEWART : | |
| Plaintiffs, : | |
| v. : | C.A. No. 16-055-M |
| : | |
| ASHBEL T. WALL, alias, individually and in his: | |
| official capacity as director of the Rhode Island : | |
| Department of Corrections, et al. : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION**

**I.     INTRODUCTION**

The Defendants respectfully submit this Memorandum of Law in support of their objection to Plaintiff's Motion to Strike, Compel, for Sanctions and for Attorney's Fees. For the reasons set forth, Defendants submit that their objections to the document requests at issue are well-grounded in the facts of this civil action, and are lawful and proper.

**II.    FACTS AND TRAVEL**

In relation to the allegations and claims of medical negligence and Eighth Amendment violations set forth in the Amended Complaint by the two Plaintiff inmates, an extraordinary, and arguable disproportionate, amount of discovery has taken place, to include the following:

- Rule 26 Initial Disclosure – medical records and inmate six-part files. 234 pages. (Please note, Defendants did not simply identify categories of documents, Defendants provided all of these documents.)

- Responses to Requests for Admissions. 854 Admissions in total.

- DOC's Responses to Parente's First, Second, Third and Fourth Requests for Production of Documents and several Supplemental Responses to Requests for Production of Documents. Approx. 1781 pages.

- Named Defendants' individual Responses to Requests for Production of Documents. Approx. 570 pages.

- All DOC Medical Policies and Standard Operating Procedures as requested by the Plaintiffs from indices that were provided. (Produced on disk or electronic and hard copies.)

- Depositions of all named Defendants (but for Wall), as well as the DOC Nursing Director.

Moreover, for Plaintiff Stewart, thousands of pages of documents were likewise produced. Respectfully, this is not a case where there has not been voluminous production of documents and numerous discovery depositions.

## III.   ARGUMENT

### A. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT KETTLE

**REQUEST NO. 8:**

All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.

**RESPONSE NO. 8:**

Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

This Request seeks *all* documents concerning *all* cases where it was alleged that Defendant, Warden Kettle, was *negligent* in connection with his DOC employment. Interestingly, although this is an Eighth Amendment case pursuant to Section 1983,[1] the Plaintiff seeks information on negligence cases. A negligence claim would be brought against the DOC, while a Section 1983 claim, as in this case, is brought against individuals. Thus, in fact, the Request is not addressed to

---

[1] To be clear, there is a negligence claim, Count Ten, as well as Federal and State statutory claims. Yet, the meat and potatoes of the Plaintiff's Amended Complaint is deliberate indifference to serious medical needs in violation of the Eighth Amendment.

2

documents in cases where Kettle has been sued for deliberate indifference. On these grounds alone, Plaintiff's request is overly broad and not reasonable calculated to lead to discovery of admissible evidence.

Further, Plaintiff's Memorandum ("Plt. Memo.") attempts to apply case law to argue that his request is not overly broad. Id. at 5-6. However, the Request does not seek a "specific" type of document and does not concern a "specifi"c event. The request is for "all documentation concerning all litigation … in which it was alleged that the Defendant was negligent… ." See Request 8. There is no specificity in this request; instead, it paints with too broad a brush to be permissible.[2]

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 26, relevance and proportionality are the touchstones of proper discovery. As the District of Massachusetts recently stated, the "recent [2015] amendments to Rule 26 make clear, the importance of the information sought to the requesting party's case and the burden on the producing party must be assessed as part of the Court's relevance determination." United Therapeutics Corp. v. Watson Labs., Inc., 200 F. Supp. 3d 272, 277 (D. Mass. 2016)

---

[2] Further, Plaintiff's request sets forth no time frame. For that reason, the request is overly broad and unduly burdensome.

Defendants submit that this Request for all documents concerning any litigation - especially where the DOC is a Defendant - is not relevant and is disproportionate to the needs of this civil action.  See, e.g., Caldwell v. Kelley, 2014 WL 6751094, at *1 (Report and Recommendation, E.D. Ark. Dec. 1, 2014): "In Interrogatory 17, Plaintiff asked Dr. Iko to list any civil actions that have been filed against her. *Id. at 7*. That interrogatory improperly seeks information that is irrelevant to the specific inadequate medical care claim Plaintiff has raised against Defendant Iko in this lawsuit. Thus, the Motion to Compel is denied as to Interrogatory 17."[3]

Lastly, Kettle's Deposition testimony evidences the fact that, while there have been "several [lawsuits] in my position as administrator," including "ongoing" lawsuits, he was not "found to be liable in any of the lawsuits." Exhibit A - Deposition of Kettle, June 27, 2071, p. 6. l. 11-23. Kettle further testified that lawsuits had concluded: "I believe they were either dismissed or dropped or settled." Id. at p. 7, l. 5-9. Plaintiff has adduced these facts in discovery. Focusing on the relevancy requirement, this request for production - *all* documents concerning *all* cases alleging Defendant, Warden Kettle, was *negligent* in his DOC employment - is clearly irrelevant. Moreover, such cases are equally available to the Plaintiff by a search of court dockets.

For these reasons, it is respectfully submitted that, as to Request No. 8, Plaintiff's Motion be denied.

**REQUEST NO. 18:**

> Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.

---

[3] Defendants are mindful that Caldwell is a only report and recommendation; yet, given its analogy to the request at issue, counsel seeks to bring it to the Court's attention.

**RESPONSE NO. 18:**

    Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

This request is substantially like Request No. 8; yet, it casts an even broader net. Plaintiff requests *all* documents in *any* case where the defendant was *named* as a party. The Defendants incorporate by reference their above arguments. Moreover, the Plaintiff's offer to "narrow his request" is misplaced. First, a document request should not be modified after it has been propounded (unless by agreement of the parties) and, second, this narrowing would improperly require the Defendants to create a "list" of cases where the Defendant has been named, the "area of law" and case citations. Requesting that the Defendants craft a list is an improper document request.

Accordingly, it is respectfully submitted that Plaintiff's Motion be denied as to Request No. 18.

    **B.  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT LEFEBVRE**

**REQUEST NO. 8:**

    All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.

**RESPONSE NO. 8:**

    Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

This is the same Request as is discussed above, this time, regarding Defendant, Warden Lefebvre. The Defendants incorporate by reference their above arguments.[4] For these reasons, it is respectfully submit that the Plaintiff's Motion should be denied.

**REQUEST NO. 18:**

>Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.

**RESPONSE NO. 18:**

>Objection, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

Again, this is the same Request as is discussed above; here, concerning Defendant, Warden Lefebvre. The Defendants incorporate by reference their above arguments. Accordingly, it is respectfully submitted that the Plaintiff's Motion as to Request No. 18 should be denied.

### C. PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS

**REQUEST NO. 8:**

>Color photographs of all medical staff employed at the Intake Service Center, Medium Security, and Maximum Security facilities from January of 2015 until the present. The photographs must at least include the individual's entire upper body, head, and face so that he or she can be readily identified.

**RESPONSE NO. 8:**

>Objection, on grounds that, this request is overly broad, unduly burdensome and

---

[4] Plaintiff's Exhibit B is an excerpt from Lefebvre's Deposition; wherein, he testifies that he has been sued, but does not know how many times or what for, that no cases were active, that none went to trial and that he did not know if any had settled. See Plt. Memo., Ex. B.

not reasonable calculated to lead to the discovery of admissible evidence. Further, Objection, on grounds of institutional safety and security.

**ARGUMENT:**

Having reviewed the Plaintiff's supporting argument and conferred with counsel for a second time, the DOC agrees to provide color photographs in its possession of DOC medical staff at the Intake Services Center and Maximum Security Facility, subject to a protective order.

**REQUEST NO. 10:**

Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications relating to this action that were not previously produced in discovery.

**RESPONSE NO. 10:**

Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

Plaintiff requests all documents "relating to this action that were not previously produced." On its fact, this is a patently overboard and unduly burdensome document request. There is no specificity or focus as to the information requested. It is like asking the interrogatory: "State everything you know about the facts of this case." Moreover, the request is entirely open-ended, as there is no time frame stated. For these reasons, it is respectfully submitted that Plaintiff's Motion as to Request No. 10 should be denied.

**REQUEST NO. 11:**

Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications referring to or mentioning either Plaintiff, by name or otherwise, that were not previously produced in discovery.

**RESPONSE NO. 11:**

Objection, on grounds that, this request is overly broad, unduly burdensome and

7

not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

The Defendants incorporate by reference their above arguments and, specifically, their argument as to Request No. 10. Accordingly, it is respectfully submitted that Plaintiff's Motion as to Request No. 11 should be denied.

**REQUEST NO. 15:**

Any and all facility specific medical policies for the Intake Service Center, Medium Security, and Maximum Security facilities existing at any time from January of 2015 until the present that were not previously produced in discovery.

**RESPONSE NO. 15:**

None.

**ARGUMENT:**

The DOC does not have "facility specific medical policies." This has been fully explained to opposing counsel. Instead the DOC's medical policies are applicable to all facilities. There is no deposition testimony "that there are facility specific medical policies," as asserted by the Plaintiff. See Plt. Memo. at 12 - 13 and Exhibits E, F and G. Nursing Director Bouchard testifies as to "routine sick calls" in DOC facilities. Plt. Ex. E. Dr. Melnick testifies that if an inmate has hypoglycemia, "they can get an orange juice" and that sometimes there is a "medical order" for that. Plt. Ex. F. Dr. Vohr testified: "I don't know of any policies, specific written policies that were not policies, written policies of the Department of Corrections, if that helps clarify." Plt. Ex. G.

The DOC has produced each and every medical policy requested by the Plaintiff. In fact, counsel provided opposing counsel with the index to Title 18 of the DOC's policies, which is the medical title. Plaintiff advised what policies they wanted, they were placed on a disk, and were produced to Plaintiff. In addition, the DOC has so-called "standard operating procedures" (or

8

"SOPS"). Likewise, Plaintiff was provided with a list of SOP's, they chose what they wanted, and they were produced.[5]

For these reasons, it is respectfully submitted that the Plaintiff's Motion as to Request No. 15 should be denied.

**REQUEST NO. 16:**

>Any and all documentation concerning any litigation involving the actions of any of the named Defendants in connection with the Defendant's employment with the Department of Corrections.

**RESPONSE NO. 16:**

>Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence. Further Objection, in that no time frame is set forth in the request.

**ARGUMENT:**

This Request for all documents concerning any litigation involving the named Defendants regarding the Department of Corrections. Accordingly, this Request includes all litigation by or on behalf of inmates, all litigation by the R.I. Brotherhood of Correctional Officers, all employment cases (*e.g.*, R.I. Human Rights Commission), all grievance and arbitration, all Access to Public Records Act cases, and the list could go on. Facially, this Request is overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Defendant also incorporates the arguments set forth above.

For these reasons, it is respectfully submitted that the Plaintiff's Motion as to Request No. 16 should be denied.

**REQUEST NO. 24:**

>Any and all documentation regarding any complaints submitted to a regulatory body, including but not limited to the Department of Health and the Department of Justice, against any of the named Defendants in connection with the Defendant's

---

[5] The policies and SOP's that were produced are detailed in the facts and travel, *supra*.

9

employment with the Department of Corrections that were not previously produced in discovery.

**RESPONSE NO. 24:**

Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

Defendant requests any documents regarding any complaint to a regulatory body against any named Defendant in connection with DOC employment. Similar to requesting documents regarding any litigation against any Defendant, as argued above, this Request is overly broad and unduly burdensome. Moreover, the mere fact that a complaint was made is quite unlikely to lead to discovery of admissible evidence. Anyone can make a complaint.

In addition, the Plaintiffs have had the opportunity, in deposition, to inquire of all named Defendants (but for Wall) as to any complaints as to which they have knowledge or information. Each of the three, Defendant nurses was asked if she had ever been disciplined, and each testified that she had not. Exhibit C - Deposition of Garriepy, June 13, 2017, p. 9; Exhibit D - Deposition of Ruotolo Hull, June 13, 2017, p. 8; Exhibit E - Deposition of Mageau, June 15, 2017, p. 8-9. Warden Kettle testified that he has not been disciplined to his knowledge. Exhibit A - Deposition of Kettle, June 27, 2017, p. 8. Warden Lefebvre testified that he was disciplined once, between 1983 and 2010, for allowing an unauthorized person into the foyer area of a facility. Exhibit B - Deposition of Lefebvre, June 28, 2017, p. 9-10. In addition, in deposition, Plaintiff has had a full opportunity to question the physician defendants, and has received their responses. Accordingly, this Request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

For these reasons, it is respectfully submitted that Plaintiff's Motion as to Request No. 24

10

should be denied.

**REQUEST NO. 25:**

Any and all documentation regarding any action by a regulatory body, including but not limited to the Department of Health and the Department of Justice, in which any of the named Defendants are a named party that were not previously produced in discovery.

**RESPONSE NO. 25:**

Objection, on grounds that, this request is overly broad, unduly burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

The Defendants incorporate by reference their above arguments and, specifically, their argument as to Request No. 24.  Accordingly, it is respectfully submitted that Plaintiff's Motion as to Request No. 25 should be denied.

**CONCLUSION**

For the reasons set forth, Defendants respectfully request that Plaintiff Parente's Motion to Compel, for Sanctions and for Attorney's Fees be denied.

    Respectfully submitted,

    DEFENDANTS,

    State of Rhode Island, Department of Corrections, Ashbel T. Wall, Nelson Lefebvre, Matthew Kettle, Michelle Garriepy, Jennifer Mageau and Nancy Ruotolo Hull

    By Their Attorneys,

    PETER F. KILMARTIN
    ATTORNEY GENERAL

    */s/ Thomas A. Palombo*

    Thomas A. Palombo, Bar No. 4212
    Adam J. Sholes, Bar. No. 7204

Assistant Attorneys General
150 S. Main Street, Providence, RI 02903
Tel: (401) 274-4400, Extension 2296/2219
Fax: (401) 222-3016

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 10th day of October, 2017.

| | |
|---|---|
| Richard A. Sinapi, Esq.<br>ras@sinapilaw.com | Anthony E. Sinapi, Esq.<br>aes@sinapilaw.com |
| Jeffrey G. Latham, Esq.<br>jlatham@tatelawri.com | Mark P. Dolan, ESq.<br>mdolan@ricedolan.com |

*/s/ Pamela L. Lopes*

12