## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **LUTHER C. PARENTE and**<br>**ERIC L. STEWART,**<br>    **Plaintiffs**<br>**v.**<br>**ASHBEL T. WALL, alias, individually and in**<br>**his official capacity as director of the Rhode**<br>**Island Department of Corrections, et. al.,**<br>    **Defendants** | **C.A. No. 16-CV-00055-M-PAS** |

**PLAINTIFF LUTHER C. PARENTE'S REPLY MEMORANDUM IN RESPONSE TO
DEFENDANTS' OBJECTION TO HIS MOTION TO STRIKE THE OBJECTIONS OF
AND COMPEL RESPONSES FROM DEFENDANT KETTLE, DEFENDANT
LEFEBVRE, AND DEFENDANT, DEPARTMENT OF CORRECTIONS, TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR THE
IMPOSITION OF COSTS AND ATTORNEY'S FEES**

Now comes the Plaintiff, Luther C. Parente, in the above cited matter, and hereby makes

this reply to Defendants' objection to his motion and respectfully requests that this Court grant

his motion, strike the objections, compel the Defendants' responses, and for the imposition of

reasonable costs and attorneys' fees pursuant to Rule 37(a)(5) of the Federal Rules of Civil

Procedure and other applicable law.

## I.    FACTS AND TRAVEL

This Court is already well acquitted with the background and basic facts of this case.  For

the purposes of this motion, Plaintiff will simply address the facts stated in Defendants'

Objection.  Defendants appear to assert that the amount of discovery requested and produced

somehow entitles them to be immune to further discovery, or at least discovery that they do not

like.  To be clear:

- It is no fault of the Plaintiffs that the Defendants have such a vast number of different policies that are relevant to this case that even the DOC's own employees do not know the policies necessary to properly perform their job.

- It is no fault of the Plaintiffs that the Defendants choose to organize and produce inmates' medical records in such a haphazard and scattered manner that it requires cross-referencing several sets of documents to discern even the simplest facts.

- It is no fault of the Plaintiffs that, as depositions and other discovery continues, more information is obtained that leads to further discovery of relevant information; that is exactly how the discovery process is supposed to function.

- It is no fault of the Plaintiffs that multiple depositions were warranted, as the Plaintiffs would have preferred to have had their rights violated by less people, not more.

- It is no fault of the Plaintiffs that the Defendants have not settled this matter in whole or in part, despite liability being clear on a number of issues, and instead have chosen to continue to litigate this matter.

## II.   ARGUMENT

### A.  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT KETTLE

**REQUEST NO. 8**

**All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.**

First, Defendant Kettle makes an excellent point, as this request does indeed only seek negligence cases in connection with his DOC employment.   As such, the Plaintiff will, if necessary, subsequently submit further Requests for Production to ensure that other applicable areas of the law are not overlooked.

Second, is it commonly known that negligence is often found in successful and unsuccessful cases where deliberate indifference is alleged.  While negligence does not equate to deliberate indifference, the Plaintiffs are compiling a larger pattern of negligent behavior, which can rise to the level of deliberate indifference when combined.  This effort would be advanced if the Plaintiffs were able to point to past (or ongoing) instances of the Defendant engaging in negligent behavior in connection with his employment with the DOC, especially if it is similar to the negligent behavior in the instant case.

Third, the Defendants' appear to argue that the only way a party may obtain relevant information regarding other cases against an opposing party is to request a "specific document" from a "specific event."  This not only completely distorts the standard to the point of being nonsensical, it also ignores the fact that the Plaintiff's request was specific: it requested all documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent ***in connection with Defendant's employment with the Department of Corrections***.  The Plaintiff cannot be more specific given that he knows nothing about these cases other than that they exist.

Fourth, the fact that the Defendant stated the lawsuits had all been "dismissed or dropped or settled" only allows the conclusion that none of the cases are likely to be ongoing.  It does not somehow make the cases irrelevant to the instant action, and any conclusion asserting such defies all logic.  *See Gross v. Lunduski*, 304 F.R.D. 136, 149 (W.D.N.Y. 2014) ("to show a pattern involving such conduct or intent to violate the Plaintiff's constitutional right" under the Eight Amendment); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (plaintiff's motion to compel seeking "all discipline and personnel complaints" against defendant officer and the defendant city "regardless of the subject matter and relevance to plaintiff's

allegations" granted because: 1) plaintiff has alleged extensive and systemic failures by defendants; 2) officer's history with city "is an important element of plaintiff's case and such information is not available from other sources"; 3) the requested "documents would also help establish a pattern or practice of both [the officer and the city] in situations where professional conduct is called into question; 4) the requested "documents would bear upon [city's] notice of [officer's] previous alleged misconduct and/or responses to such alleged misconduct"; and, 5) "it is clear that, at a minimum, such documents are reasonably calculated to lead to the discovery of admissible evidence"); *see also Cox v. McClellan,* 174 F.R.D. 32, 34 (W.D.N.Y.1997) (citing *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y.1989)) ("In civil rights actions, courts have permitted *discovery* of prior similar complaints or incidents regardless of the outcome of those complaints"); *Gillig v. Bymart-Tintair, Inc*, 16 F.R.D. 393, 394 (S.D.N.Y. 1954) ("Defendant may be right that the documents" that are "relating to prior claims and suits of a similar nature" may "not be competent or relevant evidence in and of themselves, but they might contain statements of fact which would be the source of other material which would be admissible at the trial").

Fifth, the Plaintiff should not have to incur fees on PACER or blindly search the applicable state databases for cases, which may or may not show up given the nearly infinite number of reasons a search engine can fail to work properly, when the Defendant or his counsel should have them all readily available and on file.

Sixth, the Defendant's insistence that "no time frame" was set forth is misleading, as the request is self-limiting given that it only requests documentation in connection with Defendant's employment with the DOC.

Seventh, the Defendant has provided no basis for how this request is overly burdensome. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 10 (D.D.C. 2007) (citing *Athridge v. Aetna Casualty & Surety Co., 184 F.R.D. 181, 191 (D.D.C.1998)*) ("However, the Court only entertains an unduly burdensome objection when the responding party demonstrates how the document [request] is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden'"). Instead, the Defendant has relied on conclusory statements. *See Tequila Centinela*, 242 F.R.D. at 10 (citing *Athridge*, 184 F.R.D. at 191). ("The responding party cannot just 'merely state' in a conclusory fashion' that the requests are burdensome").

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 8.

## REQUEST NO. 18

**Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.**

First, the fact that the Defendant takes issue with the Plaintiff offer to compromise in an effort to accommodate the Defendant's objection is confusing given the obligation of both parties to resolve discovery disputes amicably. If the issue is simply that the Defendant would prefer a different compromise, then the Plaintiff will gladly entertain a discussion on the topic. However, the Defendant had done nothing but restate his objection in response to the Plaintiff's efforts to compromise prior to this motion being filed.

Second, the Plaintiff is assuredly entitled to any documentation concerning litigation involving the Defendant allegedly violating the same rights as he is accused of violating in this case. This includes but is not limited to the Eighth and Fourteenth Amendments to the United

States Constitution, Article 1, §§ 2 and 8 of the Rhode Island Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* ("ADA"), the Rehabilitation Act 29 U.S.C. §701, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA"), and the Rhode Island Civil Rights of People With Disabilities Act, R.I. Gen. Laws § 42-87-1, *et seq.* ("RICRPD").

Third, the Plaintiff is assuredly entitled to criminal cases against the Defendant.

Fourth, the Plaintiff incorporates by reference his above arguments.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 18.

## B. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT LEFEBVRE

### REQUEST NO. 8

**All documentation concerning all litigation involving Defendant in which it was alleged that the Defendant was negligent in connection with Defendant's employment with the Department of Corrections.**

The Plaintiff incorporates by reference his above arguments.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 8.

### REQUEST NO. 18

**Any and all documentation regarding any civil action in which the Defendant is a named party and not produced in response to a previous request for production of documents.**

The Plaintiff incorporates by reference his above arguments.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 18.

## C.  PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS

**REQUEST NO. 10**

**Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications relating to this action that were not previously produced in discovery.\**

First, the Defendant's argument mischaracterizes the request to such an extent that it changes the meaning entirely.  Plaintiff requested "[a]ny and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications relating to this action that were not previously produced in discovery."  As should be evident merely by reading the request, the Plaintiff is not seeking "all documents 'relating to this action that were not previously produced.'"

Second, there is no doubt that the Plaintiff has a right to the documentation requested, although if the Defendant would prefer to have a separate request for each of the types of documents mentioned in this request, then the Plaintiff will do so if necessary.  However, doing so would be redundant given that the Defendant could simply properly answer the request now rather than attempt to rely on semantics to avoid doing so until a later date.

Third, the Defendant's insistence, again, that "no time frame" was set forth is misleading, as the request is self-limiting given that it only requests documentation relating to this action.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 10.

**REQUEST NO. 11**

**Any and all correspondence, emails, reports, memoranda, notes, bulletins, recordings, telephonic and/or other communications referring to or mentioning either Plaintiff, by name or otherwise, that were not previously produced in discovery.**

Plaintiff incorporates by reference his above arguments and, specifically, his argument as to Request No. 10.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 11.

## REQUEST NO. 15

**Any and all facility specific medical policies for the Intake Service Center, Medium Security, and Maximum Security facilities existing at any time from January of 2015 until the present that were not previously produced in discovery.**

Defendant appears to be utilizing, out of context, portions of the deposition excerpts attached to the Plaintiff's motion in an effort to mislead this Court.

First, Defendant refrained from discussing Nursing Director Bouchard's deposition excerpt other than mentioning "routine sick calls."  This was wise given that the excerpt has several statements from Mr. Bouchard that illustrate there are in fact facility specific medical policies.[1]

Second, Defendant refrained from discussing that Defendant Melnick's deposition excerpt other than mentioning that inmates "can get orange juice" for hypoglycemia and "sometimes there is a 'medical order.'"  Coincidentally, the Defendant left out the portions of the excerpt where Defendant Melnick states that certain DOC facilities are chronic care facilities and therefore handle medical treatment differently than the Intake Service Center or the Minimum Security Facility.[2]

---

[1]  "Nursing sick call is when patients – depends on the facility also. I'm talking Medium Security." **Mr. Gordon Bouchard Deposition Excerpt, Exhibit E**, 62:22-24.  "[A]t the Intake Center there isn't an official sick call time." *Id.* at 63:4-5.  "Intake would be the building that doesn't have routine sick call just because of the design of the building. Every other facility has a routine sick call process." *Id.* at 63:20-23.

[2]  "In the other chronic medical buildings, there is a medical order, like medium." **Defendant Melnick Deposition Excerpt, Exhibit F**, 91:12-13.  "Q. And now, what is a chronic medical facility? A. Maximum security, medium

Third, Defendant's argument regarding Defendant Vohr's deposition excerpt[3] also conveniently omits the relevant language evidencing the existent of non-DOC medical policies used at the DOC facilities.[4]

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 15.

## REQUEST NO. 16

**Any and all documentation concerning any litigation involving the actions of any of the named Defendants in connection with the Defendant's employment with the Department of Corrections.**

Again, the Defendant's argument mischaracterizes the request to such an extent that it changes the meaning entirely.  This request only seeks documentation from "litigation involving the actions of any of the named Defendants in connection with the Defendant's employment with the Department of Corrections" rather than "all litigation by or on behalf of inmates, all litigation by the R.I. Brotherhood of Correctional Officers, all employment cases (*e.g.*, R.I. Human Rights Commission), all grievance and arbitration, all Access to Public Records Act cases" as argued by the Defendant.  Plaintiff also incorporates by reference his above arguments.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 16.

---

security, high security. This is more chronic patients. Q. So anywhere besides intake and minimum? A. Yes, pretty much. Intake is a mill. So we have no idea when the patient get out, when they come in, sometimes, and how often, how long they going to stay there." *Id.* at 91:16-23.

[3]  It should be noted that it appears there was a clerical error when Exhibit G for Plaintiff's motion was filed, as his memorandum of law cites to page 26 of Defendant Vohr's deposition but Exhibit G does not include it.  As such, a corrected Exhibit G is being filed simultaneously with the Plaintiff's reply.

[4] "Q. I've got to ask you to repeat the answer you were providing. I asked what were the policies referred to as? A. I would say they were called protocols, unwritten treatment options or would be – would be a nursing protocol, medical protocol. Q. And why weren't these put in writing? A. I believe some of them probably were in writing. Probably at the nurses' desk." **Defendant Vohr Deposition Excerpt**, **Exhibit G**, 26:8-13.

**REQUEST NO. 24**

  **Any and all documentation regarding any complaints submitted to a regulatory body, including but not limited to the Department of Health and the Department of Justice, against any of the named Defendants in connection with the Defendant's employment with the Department of Corrections that were not previously produced in discovery.**

  With this request, the Plaintiff seeks information that, among other things, could contain admissions and/or demonstrate a pattern of conduct or intent. *See Gross v. Lunduski*, 304 F.R.D. 136, 149 (W.D.N.Y. 2014) ("to show a pattern involving such conduct or intent to violate the Plaintiff's constitutional right" under the Eight Amendment); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (plaintiff's motion to compel seeking "all discipline and personnel complaints" against defendant officer and the defendant city "regardless of the subject matter and relevance to plaintiff's allegations" granted because: 1) plaintiff has alleged extensive and systemic failures by defendants; 2) officer's history with city "is an important element of plaintiff's case and such information is not available from other sources"; 3) the requested "documents would also help establish a pattern or practice of both [the officer and the city] in situations where professional conduct is called into question; 4) the requested "documents would bear upon [city's] notice of [officer's] previous alleged misconduct and/or responses to such alleged misconduct"; and, 5) "it is clear that, at a minimum, such documents are reasonably calculated to lead to the discovery of admissible evidence"); *see also Cox v. McClellan,* 174 F.R.D. 32, 34 (W.D.N.Y.1997) (citing *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y.1989)) ("In civil rights actions, courts have permitted *discovery* of prior similar complaints or incidents regardless of the outcome of those complaints"); *Gillig v. Bymart-Tintair, Inc*, 16 F.R.D. 393, 394 (S.D.N.Y. 1954) ("Defendant may be right that the documents" that are "relating to prior claims and suits of a similar nature" may "not be competent or relevant evidence in and of

themselves, but they might contain statements of fact which would be the source of other material which would be admissible at the trial").

Plaintiff also incorporates his above arguments by reference.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 24.

## REQUEST NO. 25

**Any and all documentation regarding any action by a regulatory body, including but not limited to the Department of Health and the Department of Justice, in which any of the named Defendants are a named party that were not previously produced in discovery.**

Plaintiff incorporates his above arguments by reference and, specifically, his argument as to Request No. 24.

For these reasons, this Court should grant the Plaintiff's Motion as it relates to Request No. 25.

## III.   CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully prays for the following relief:

1.    That his Motion granted and that this Court order that:

    a.  The Defendants be compelled to produce the documentation sought by the Plaintiff's Requests for Production of Documents; and,

    b.  The Defendants' objections are stricken.

2.    Under the circumstances, that the Defendants be ordered to pay the counsel fees and costs of bringing the within motion as a sanction for Defendant's willful and intentional refusal to comply with discovery requests; and,

3.    Such other and further relief as this Court deems just and proper.

Plaintiff,
by his Attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

**Date:  October 17, 2017**

**/s/ Richard A. Sinapi_____**
**Richard A. Sinapi, Esq. (#2297)**
Sinapi Law Associates, Ltd.
2374 Post Road, Suite 201,
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
Email:  ras@sinapilaw.com

**/s/ Anthony E. Sinapi,_____**
**Anthony E. Sinapi (BBO #: 694350)**
2374 Post Road, Suite 201,
Warwick, RI 02886
Phone: (401) 739-9690; Fax (401) 739-9040
Email:  aes@sinapilaw.com

## CERTIFICATION

Thomas A. Palombo, Bar No. 4212
TPalombo@riag.ri.gov
Adam J. Sholes, Bar. No. 7204
ajsholes@riag.ri.gov
Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2296/2219
Fax: (401) 222-3016

Alexandra C. Curran, Esquire [#6524]
Jeffrey G. Latham, Esquire [#6264]
321 South Main Street, Suite 402
Providence, RI 02903
401.421.7400
401.351.3239 [Fax]
acurran@tatelawri.com
jlatham@tatelawri.com

Mark P. Dolan, Esquire (#3280)
Ride Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800
(401) 421-7218 (fax)
mdolan@ricedolan.com

I hereby certify that on **October 17, 2017,** a true copy of the within was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System. Service on the counsel of record listed above has been effectuated by electronic means.

                              **/s/ Anthony E. Sinapi** _____