UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LUTHER C. PARENTE and :
ERIC L. STEWART :
               Plaintiffs, :
v.                                         :      C.A. No. 16-055-M
                                         :
ASHBEL T. WALL, alias, individually and in his:
official capacity as director of the Rhode Island :
Department of Corrections, et al.              :
               Defendants. :

## AFFIDAVIT OF BRENDA BAUM

Now comes the Affiant, Brenda Baum, and having been sworn, hereby states the following under oath:

1. I serve as an Assistant Attorney General for the State of Rhode Island and am a Deputy Chief of the Attorney General's Civil Division;

2. I have served with the Rhode Island Attorney General since 1997;

3. I became a member of the Rhode Island bar in 1994 and have been a member of the bar of this Judicial District since 1996;

4. I am familiar with the allegations and claims in this civil action and with the Court's October 18, 2017 Order on Plaintiff Parente's Motion to Strike Objections and Compel Responses (ECF No. 9);

5. I have met with the Civil Division attorneys who are defending this case to determine how to attempt to comply with the Court's Order;

6. It is my understanding and belief that prior to the mid-1980s the Civil Division's case management system took the form of catalogued index cards. Sometime in the mid-1980s the Civil Division began maintaining an electronic record of its cases. Some of the cases prior to the 1980s were logged into the electronic record; however not all of them were transferred into the electronic record keeping. A new case management system was implemented on or about November 2016.

7. The older case management system contains the following information: Case name, court number and internal Civil Division number. The case management system does not always contain information as to the type of case and its classification would be in

general terms. Examples of classifications were: Negligence, Civil Rights/Prisoner Rights, Injunction, etc.;

8. The Attorney General's new case management system was created in 2016.;

9. At my direction, an extensive search of the old and new electronic case management systems was conducted to try to identify the cases wherein the Named Defendants in the present case were listed as defendants in prior civil cases. This search identified some cases dating back to 1977. In total, approximately 70 person-hours were expended in the search, and in related review, discussions and meetings concerning the search;

10. The search of the case management systems revealed the following:
    - 297 cases name the Department of Corrections as a party;
    - 268 cases under classification #122 "Civil Rights/Prisoner's Rights;"
    - 104 cases named Defendant Wall as a party;
      4 cases named Defendant Vohr as a party;
    - 1 case named Defendant Melnick as a party; and
    - No cases named Defendants Lefebvre, Clarke, Bansal, Bauermeister, Garriepy, Ruotolo-Hull and Mageau

11. The old case management system did not require that the name of every defendant be listed in the system. Therefore, it is likely that there are cases where one or more of the Named Defendants in this case may be a party to another lawsuit and were not captured in the search results detailed above;

12. In addition to the cases located in the search, Civil Division attorneys have identified these U.S. District Court civil actions: <u>Palmigiano v. Garrahy</u>, C.A. No. 74-0172, <u>Morales v. Chadbourne</u>, C.A. No. 12-301, <u>Adams v. Melnick</u>, C.A. No. 13-802, <u>Jefferson v. Piccirillo</u>, C.A. No. 14-475, <u>Walker v. Raimondo</u>, C.A. No., 15-087, <u>Jefferson v. Raimondo</u>, C.A. No. 17-439;

13. To comply with the Court's discovery Order and produce "information concerning prior work-related litigation involving the Defendants," in response to Request No. 16, it would require the Civil Division to do the following: (1) retrieve boxes and/or files from storage, outside storage would incur a cost; (2) review the boxes to locate the identified case; (3) review the internal Attorney General case files to identify whether it is responsive to Request No. 16; (4) if the file is responsive an attorney would have to review it and identify privileged and non-privileged documents; and (5) the documents would have to be scanned in and bate stamped according to the Federal Rules of Civil Procedure for production and/or identification in a privilege log. Given that the case

management system searches revealed hundreds of cases, there could be hundreds of thousands of pieces of paper to review and process to comply with Request No. 16.

14. Based upon the initial review, the Department of Attorney General would have to order from an external storage facility approximately 42 boxes and 32 separate files. This solely represents closed cases from 2000 to the present that have been identified as having one of the Named Defendants in this case as a party and are stored at an outside location. The Department would also have to pull approximately 75 boxes and/or files from its internal storage of closed files. Given that this only represents closed cases from 2000 forward, the total effort and number of boxes to comply with this Order would exceed this amount. In addition, the case management system reflects that currently there are approximately 43 cases that are open or have not been closed for storage that have at least one of the Named Defendants in this case listed as a party. One of those cases is *USDOJ v. Department of Corrections*, C.A. No. 1:14-cv-0078-S-LDA the volume of documents in that case alone is estimated at 35,000 – 45,000 pages, exclusive of extensive expert discovery.;

15. Respectfully, the undersigned cannot estimate with any reliability how many person-hours would be required to attempt to complete the above collection, review and production of documents other than to state it would be significant and overly burdensome;

16. It should be noted that, pursuant to the Attorney General's records retention policy, cases are retained for 7 years after final disposition. See attached Records Retention Schedule. Cases may exist beyond this time frame and have not yet been selected for destruction by the Secretary of State's Office.

I hereby declare that the foregoing is true and accurate to the best of my knowledge and information.

_____
**Brenda Baum (5184)**
Assistant Attorney General
Deputy Chief - Civil Division

Subscribed and sworn to before me this 15 day of November 2017:

_____
**Notary Public**
My Commission Expires: 5/20/2021